IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:15CR33 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| MAURO TORRES-CASTRO, | ) | |
| | ) | |
| Defendant. | ) | |

    This matter is before the Court on Filing No. 108, entitled Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, filed by the Defendant, Mauro Torres-Castro. This document has been liberally construed and docketed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion")[1]. The filing references two Supreme Court decisions, *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), and it appears the Defendant seeks a reduction in his sentence based on those decisions. Also before the Court is a Motion to Withdraw (Filing No. 111) filed by the Federal Public Defender. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of a defendant's § 2255 motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to

---

[1] The Court has reviewed the docket sheet and notes that the Defendant had not filed a previous § 2255 motion. Therefore, it was not necessary for the Defendant to obtain prior approval from the Eighth Circuit Court of Appeals to file a § 2255 motion, and Filing No.108 will be treated as his first § 2255 motion.

file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

The Defendant pled guilty to Counts I and V of an Indictment charging him with conspiracy to distribute 50 grams or more of methamphetamine (actual) (Count I), and carrying a firearm in relation to a drug trafficking crime (Count V).  In his plea agreement, the government agreed to dismiss Counts II and IV and the Forfeiture Allegation of the Indictment at the time of sentencing.  The Defendant waived his right of appeal and collateral attack. (Filing No. 57, at 4, 6.)

In his Petition to Enter a Plea of Guilty, signed on April 16, 2015, the Defendant stated under oath: He had enough time to talk with his attorney; he was satisfied with the job his attorney had done; he had no objections to the way his attorney had represented him; he knew he had a right to plead not guilty and proceed to trial with all accompanying constitutional rights; he was aware that the maximum statutory term of imprisonment for Court I was life; the minimum statutory term of imprisonment for Count I was ten years; the maximum statutory term of imprisonment for Court V was life; and the minimum statutory term of imprisonment for Count V was five years, consecutive to Count I.  (Filing No. 56, at 2, 6).  In his Plea Agreement, again the statutory maximum terms and minimum terms for Counts I and V were listed, noting that the five-year statutory minimum term for Count V would be consecutive to the "underlying count."  (Filing No. 57 at 3.)  During the sentencing hearing, defense counsel acknowledged he had reviewed the Presentence Investigation Report ("PSR") with the Defendant and no objections were raised regarding the PSR.  The Court sentenced Defendant to the custody of the Bureau of Prisons for a

term of 120 months on Count I; 60 months on Count V (to be served consecutive to the term of imprisonment imposed on Count I); a supervised release term of five years on Count I; and five years of supervised release on Count V (the supervised release terms to run concurrent). (Filing No. 87).

On June 28, 2016, the Defendant filed his timely § 2255 motion (Filing No. 108), alleging that his counsel was ineffective.

## DISCUSSION

In his § 2255 motion, the Defendant argues that he received ineffective assistance of counsel for the following reasons: Failure to Object to the 18:924(c)(1)(A) Charges; and Failure to Object to a Consecutive Sentence.

In order to establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.

The undersigned took the Defendant's plea in this case, and questioned the Defendant at length to ensure that the plea was knowing and voluntary and supported by a factual basis, and that the Defendant was satisfied with the advice and performance of counsel.  The Defendant signed both the Petition to Enter a Plea Guilty and the Plea

Agreement, and stated he understood all the provisions in the documents and that he was guilty of the crimes alleged in Counts I and V (Filing No. 56 at 12). The colloquy at the time of the plea hearing confirmed the voluntary nature of his plea.

The alleged grounds for the Defendant's dissatisfaction with his counsel's performance are all matters that were known to the Defendant at the time of the plea. The Defendant's complaints about his representation do not rise to a level showing that his attorney performed outside the wide range of reasonable professional assistance or made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment. *United States v. Luke*, 686 F.3d 600, 604 (8th Cir. 2012) ("There is a 'strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.'") (quoting *Strickland*, 466 U.S. at 689). Nor has the Defendant demonstrated any reasonable probability that the result of the proceedings would have been different, but for counsel's alleged ineffective assistance.

The Court has also reviewed this matter in light of the *Johnson* decision. The PSR reveals that the Defendant did not receive a sentencing enhancement due to a prior crime of violence. As the Federal Public Defender acknowledges, the Defendant received the statutory mandatory minimum sentences on both charges, and the *Johnson* decision is not applicable to his case.

## CONCLUSION

For the reasons discussed, the Defendant cannot prove either prong of the *Strickland* test, and his § 2255 Motion will be denied.

IT IS ORDERED:

1. That the Court has completed initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 108);

2. The Court summarily dismisses the Defendant's § 2255 Motion;

3. A separate Judgment will be issued denying the § 2255 Motion;

4. The Motion to Withdraw (Filing No. 111) filed by the Federal Public Defender is granted; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 23rd day of September, 2016.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge