# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>MAURO TORRES CASTRO,<br><br>　　　　　　　　Defendant. | 8:15CR33<br><br>MEMORANDUM AND ORDER |

This matter is before the court for initial review of the Defendant's Motion to Vacate under 28 U.S.C. 2255, ECF No. 165. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On April 20, 2015, the Defendant Mauro Torres Castro pled guilty to the following Counts of the Indictment: Counts I (distribution or possession with intent to distribute 50 grams or more of actual methamphetamine in violation of 21 U.S.C. § 846) and V (use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)). On August 10, 2015, he was sentenced to 120 months incarceration on Count I, and five years incarceration on Count V, to be served consecutively, followed by five years of supervised release on each count, to be served concurrently.

On February 23, 2017, the Defendant's sentence on Count I was reduced to a term of 75 months incarceration pursuant to the Government's motion under Federal

Rule of Criminal Procedure 35(b). The other terms and conditions of the original Judgment and Commitment Order remained in effect, and an Amended Judgment was filed on the same date.

The Defendant's pending Motion under 28 U.S.C. § 2255 was filed on October 28, 2019. In his Motion, the Defendant seeks relief on the theory that the residual clause of 18 U.S.C. § 924(c) is unconstitutionally vague. In support of that theory, he relies on the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

More than one year has elapsed since the Defendant's judgment of conviction was final, and he does not assert that subsections (2) or (4) have any application. Accordingly, the Court infers that he asserts his Motion is timely under subsection (3), on the theory that the *Davis* decision offers him grounds for relief.

In *Davis,* decided June 24, 2019, the Supreme Court held the residual clause of 18 U.S.C. § 924(c), defining a "crime of violence" in § 924(c)(3)(B), is unconstitutionally vague. Whether or not the *Davis* decision may be applied retroactively, it has no application to the Defendant's conviction and sentence. The Defendant was not charged, convicted, or sentenced for possession of a firearm in furtherance of a *crime of violence*. He was charged, convicted, and sentenced on Count V of the Indictment for use of a firearm in furtherance of a *drug trafficking crime*. That charge was not vague, and nothing in the *Davis* decision has any impact on the constitutionality of the Defendant's sentence.

A petitioner under § 2255 may not appeal an adverse ruling unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability will not be granted unless the movant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To show this denial, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Defendant has made no such showing, and no certificate of appealability will be issued.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Motion to Vacate under 28 U.S.C. 2255, ECF No. 165;

2. The claims raised in the Defendant's § 2255 motion are summarily denied;

3. No certificate of appealability will be issued;

4. A separate Judgment will be entered; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 29th day of October, 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge